**UNITED STATES DISTRICT COURT**  **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| MARTIN DEJESUS LUEVANO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:25-CV-112 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

### ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Martin Dejesus Luevano, a federal prisoner, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the Motion to Vacate Sentence as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). In this instance, the judgment became final on July 11, 2022, and the statute of limitations expired on July 11, 2023. Movant contends that he attempted to contact his defense counsel after sentencing, but counsel did not respond. In early 2023, Movant states that he heard from defense counsel about a different pending criminal case,

but he did not respond to Movant's questions about his appeal rights. Movant asserts that another inmate began assisting him with his legal work after he was transferred to the Federal Detention Center on May 9, 2023. Accepting Movant's allegations as true, he was aware in early 2023 that counsel was not assisting him with an appeal. Movant waited until April 24, 2024, to file an untimely notice of appeal, which was dismissed on December 13, 2024. Movant then waited until March 5, 2025, to write the court to initiate this § 2255 motion. Movant failed to diligently pursue his rights, and his *pro se* status is not an exceptional circumstance warranting equitable tolling. Therefore, the objections lack merit.

In addition, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural

ruling. *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, Movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

**ORDER**

Accordingly, Movant's objections (#8) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#6) is **ADOPTED**. A certificate of appealability will not be issued. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 28th day of July, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE